UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK JEHMLICH,

       Petitioner,

                               CASE NO. 2:06-CV-14475
v.                           JUDGE ARTHUR J. TARNOW
                              MAGISTRATE JUDGE PAUL KOMIVES

BLAINE C. LAFLER,

       Respondent.[1]
_____/

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion to dismiss.

II.    REPORT:

A.    *Procedural Background*

Petitioner Mark Jehmlich is a state prisoner, currently confined at the Boyer Road Correctional Facility in Carson City, Michigan. Petitioner is serving a sentence of 25-50 years' imprisonment imposed as a result of his 1994 state court convictions for second degree murder and first degree criminal sexual conduct. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

- Petitioner was originally tried and convicted by a jury of first degree murder and first degree criminal sexual conduct. The trial court granted a new trial on the basis of juror misconduct, and the state appellate courts denied the prosecutor's appeals.

- Petitioner was retried in a bench trial. The trial judge found petitioner guilty of second

---

[1] By Order entered this date, Blaine C. Lafler has been substituted for Hugh Wolfenbarger as the proper respondent in this action.

degree murder and first degree criminal sexual conduct. On September 21, 1994, a judgment of sentence was entered, sentencing petitioner to concurrent terms of 25-50 years' imprisonment on each conviction.

- Petitioner appealed as of right to the Michigan Court of Appeals. The court of appeals rejected petitioner's claims and affirmed his conviction on November 26, 1996. *See People v. Jehmlich*, No. 180409, 1996 WL 33348883 (Mich. Ct. App. Nov. 26, 1996) (per curiam).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Supreme Court denied petitioner's application in a standard order on September 29, 1997. *See People v. Jehmlich*, 456 Mich. 872, 569 N.W.2d 165 (1997).

- On October 27, 2003, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508. The trial court denied the motion on February 13, 2004.

- Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which was denied in a standard order on August 16, 2005. *See People v. Jehmlich*, No. 250462 (Mich. Ct. App. Aug. 16, 2005).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied in a standard order on December 27, 2005. *See People v. Jehmlich*, 474 Mich. 980, 707 N.W.2d 199 (2005).

- Petitioner filed a petitioner for a writ of *certiorari* in the United States Supreme Court, which was denied on May 22, 2006. *See Jehmlich v. Michigan*, 126 S. Ct. 2291 (2006).

On October 5, 2006, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] As grounds for the writ, petitioner contends that his second trial and resulting conviction violated the Double Jeopardy Clause of the Fifth Amendment. Petitioner also contends that his trial and appellate counsel were ineffective for failing to raise the double jeopardy claim in

---

[2]Although petitioner's application is file-stamped October 12, 2006, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is dated October 5, 2006. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on October 5, 2006.

2

the state courts. Respondent filed a motion to dismiss on May 30, 2007, arguing that petitioner's habeas application is untimely. Petitioner filed a response to the motion on June 12, 2007. For the reasons that follow, the Court should grant respondent's motion to dismiss.

B.     *Timeliness of Petitioner's Habeas Application*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[3]

As the language of the statute indicates, there are four possible dates on which the limitations

---

[3]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

period may begin to run. Assuming that the first starting date is applicable here, petitioner's application is untimely. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Petitioner does not argue that any of the circumstances set forth in subparagraphs (B)-(D) are applicable here. The timeliness of petitioner's application is therefore governed by subparagraph (A). Under this provision, it is clear that petitioner's application is untimely. The Michigan Supreme Court denied petitioner's application for leave to appeal on his direct appeal on September 29, 1997. Petitioner's limitations clock therefore began 90 days later, when the time for seeking *certiorari* in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Thus, petitioner's limitations period commenced on December 30, 1997, and expired on December

29, 1998.[4] *See Bronaugh*, 235 F.3d at 285.

Pursuant to the provisions of § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Petitioner's motion for relief from judgment was filed in the trial court on October 27, 2003. At this time, the limitations period had been expired for close to five years. It is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.). By the time petitioner filed his motion for relief from judgment, the one-year limitation period had already expired, and thus this filing cannot serve to toll the limitations period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); *Smith v. Stegall*, 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001) (Gadola, J.).

Accordingly, pursuant to § 2244(d)(1)(A) and § 2244(d)(2), petitioner's habeas application is untimely.

C.   *Petitioner's Arguments*

Petitioner does not contest the foregoing calculation of the limitations period. Rather, he asserts that the limitations provision does not apply to his double jeopardy claim because that claim goes to the jurisdiction of the trial court, and that he is entitled to consideration of the merits of his

---

[4]Ninety days from September 29, 1997, actually yields a due date of any petition for *certiorari* on December 28, 1997. That date, however, was a Sunday, and thus a petition for *certiorari* would not have been due until the following day. *See* FED. R. CIV. P. 6(a); SUP. CT. R. 30.1; *Bronaugh*, 235 F.3d at 284. Under Rule 6(a), the limitations period commenced on the following day, December 29. *See Bronaugh*, 235 F.3d at 284-85.

petition notwithstanding its untimeliness because he is actually innocent. The Court should reject these claims.

        1.        *Applicability of the Limitations Provision*

Petitioner first contends that the statute of limitations provision is inapplicable here because his double jeopardy claim raises a jurisdictional defect. In support of this claim, petitioner relies on the general rule that "[a] jurisdictional defect cannot be waived or procedurally defaulted–rather a jurisdictional defect requires reversal." *Goode v. United States*, 305 F.3d 378, 386 (6th Cir. 2002) (citing *United States v. Griffin*, 303 U.S. 226, 229 (1938). This argument is without merit, for two reasons.

First, petitioner has cited and I have found no authority for the proposition that claims attacking the jurisdiction of the trial court are exempt from the limitations provision of § 2244(d). On the contrary, the courts that have considered the issue uniformly have held that a "jurisdictional claim, like any other claim cognizable in a federal habeas petition pursuant to § 2254, must first be raised in state court and then presented to [a federal] court within the time limit set forth in § 2244(d)(1)." *Neal v. Kingston*, No. 05-C-443, 2007 WL 1655159, at *3 (E.D. Wis. June 5, 2007); *see also*, *Dewitt v. Warden, Lieber Correctional Inst.*, No. 9:06-1221, 2006 WL 3404753, at *4 (D.S.C. Nov. 21, 2006); *Mays v. McDonnell*, No. 2:04-cv-968, 2006 WL 2927474, at *4 (M.D. Ala. Oct. 12, 2006); *cf. Hardridge v. Dinwiddie*, No. 03-CV-395, 2006 WL 3311515, at *3 (N.D. Okla. Nov. 13, 2006).

Second, even assuming such an exception existed, it would not be applicable to petitioner's double jeopardy claim. It is well established that a double jeopardy claim is not jurisdictional. Rather, "the defense of double jeopardy is personal and is capable of waiver" and forfeiture. *United States v. Branham*, 97 F.3d 835, 842 (6th Cir. 1996) (citing *United States v. Broce*, 488 U.S. 563, 568 (1989)). Thus, the nature of petitioner's claim alone does not render the limitations period set forth

in § 2244(d) inapplicable to his habeas application.

2. *Actual Innocence*

Petitioner also contends that he is entitled to have his claims heard on the merits, notwithstanding his failure to comply with the limitations provision, because he is actually innocent of the crimes for which he is incarcerated. The Sixth Circuit has recently held that the actual innocence exception, which allows a court to review the merits of a habeas claim notwithstanding a procedural default, likewise exists for the habeas statute of limitations. *See Souter v. Jones*, 395 F.3d 577, 598-602 (6th Cir. 2005). In order to be entitled to the actual innocence exception, a petitioner must present "new and reliable evidence that was not presented at trial" that "show[s] that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 299 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327 (internal citation and quotation omitted). It is not sufficient to show merely that the evidence raises a reasonable doubt which did not otherwise exist. *See id*. at 329 ("The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in light of the new evidence, but rather that no reasonable juror would have found the defendant guilty."). "Examples of evidence which may establish factual innocence include credible declarations of guilt by another, trustworthy eyewitness accounts, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996) (citations omitted); *accord Schlup*, 513 U.S. at 324 (referring to "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"). *See generally*, *Souter*, 395 F.3d at 589-90.

Petitioner does not support his claim of innocence with any new, reliable evidence which would have led the trier of fact to acquit him. In his brief in support of his habeas application,

petitioner states that he is entitled to consideration of his petition on the merits "where Mr. Jehmlich had been acquitted in a prior trial and is innocent of the charge that ultimately resulted in his conviction of a lesser included offense in a second trial." Br. in Supp. of Pet., at 3. Nowhere in his brief, or in his reply to respondent's motion to dismiss, does petitioner expound on this claim. To the extent that petitioner's claim is based on the evidence which was adduced at trial, a rehashing of the evidence presented at trial is insufficient to make out an actual innocence claim. *See Spencer v. White*, 265 F. Supp. 2d 813, 818 (E.D. Mich. 2003) (Gadola, J.); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1191 (E.D. Mich. 2001) (Tarnow, J.). To the extent that petitioner's innocence claim is based on his argument that the second trial was impermissible under the Double Jeopardy Clause, this claim is without merit. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Thus, to establish the actual innocence exception "petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). Petitioner's double jeopardy claim, by itself, asserts only legal insufficiency, not factual innocence. *See Waite v. United States*, No. 95-1384, 1996 WL 4359, at *1 (7th Cir. Jan. 3, 1996); *Wallace v. Lockhart*, 12 F.3d 823, 826-27 (8th Cir. 1994); *Steele v. Young*, 11 F.3d 1518, 1522 & n.8 (10th Cir. 1993); *Barker v. United States*, 891 F. Supp. 478, 481 (E.D. Wis. 1995). Accordingly, the Court should conclude that petitioner has failed to show that the actual innocence exception to the statute of limitations is applicable here.

D.  *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should grant respondent's motion to dismiss and should dismiss the petition.

III.  <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: 1/15/08

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on January 15, 2008.
>
> s/Eddrey Butts
> Case Manager